UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-80228-MARRA

GEORGE L SORIA,

Plaintiff,

v.

METROPOLITAN LIFE CORPORATION
IN NY, METLIFE OFFICE IN
WEST PALM BEACH, ROBERT LEIMAN,
and METLIFE IN BOCA RATON,
ROBERT MARGOLIS, METLIFE OFFICE
IN STATEN ISLAND, STEVE FILORAMO,
DOMINICK IORIO,

Defendants.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Motion to Dismiss (DE 11). The motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

On February 28, 2012, Defendants Metropolitan Life Insurance Company, Inc. ("Met Life"), with the consent of Defendants Steve Filoramo, Dominick Iorio, Robert Liebman and Robert Margolis (collectively, "Defendants"), filed a Notice of Removal of pro se Plaintiff George Soria's ("Plaintiff") Complaint. (Notice of Removal, DE 1; Compl., DE 1-2.) According to the allegations of the Complaint, Plaintiff, a former employee of Met Life, was terminated in December of 2006. (Compl. ¶ 19.) The Complaint notes several events that occurred prior to his termination. For example, the Complaint alleges that, in September of 2002, Met Life did not

comply with an agreement "of covering expense for operations forcing downsizing" entered into between Plaintiff and Met Life. (<u>Id.</u> at ¶ 7.)   A "settlement was then to be reached," but "they reneged" on it, despite the fact that a vice-president approved it. (<u>Id.</u> at ¶ 8.)

In 2003, Plaintiff was "transferred to Florida" and his residence license was delayed for nine months. (<u>Id.</u> at ¶ 9.)   Met Life offered "no assistance" during this "difficult personal situation," which involved "no income" and "a shocking blow with [his] daughter." (<u>Id.</u> at ¶ 10.) In 2005, Plaintiff suffered a heart attack and Met Life was "not interested" in his medical condition. (<u>Id.</u> at ¶ ¶ 11-12.)  Plaintiff began receiving disability benefits, which was lower than it should have been because of the delayed license transfer. (<u>Id.</u> at ¶ 13.)  At no time, did Met Life send him a get well card.  Furthermore, Met Life mailed him his 10 year service award rather than presenting it at a general meeting. (<u>Id.</u> at ¶ 14.)

In 2006, Plaintiff returned to work, "only to experience [a] second cauterization for chest pains," resulting in hospitalizations in April of 2006. He continued to suffer "personal depression and personal child custody problems" with "no assistance offered from management." (<u>Id.</u> at ¶ 15.)  When Plaintiff returned to work in the second half of 2006, he experienced "anguish and fear," and requested management change his position, but no "appointment" ever occurred. (<u>Id.</u> at ¶ ¶ 16-17.)  In November of 2006, "management" informed him that he needed to meet the "personal sales quota" or he would be terminated.  This decision was made by the vice-president of the region, and "nothing could be done by agency management." (<u>Id.</u> at ¶ 18.)  In December of 2006, Plaintiff was terminated "due to lack of production by VP" with "no choice according to agency management" and with no involvement by human resources. (<u>Id.</u> at ¶ 19.)

In January of 2007, Plaintiff was "stripped of all [his] business overrides, clients,

securities business and everything [he] transferred and earned in 30 years of business in the insurance business." (<u>Id.</u> at ¶ 20.)  All of his "business, override and securities . . . were dispersed to another agent. . . in direct breach of the agreement made up signing on to the company." (<u>Id.</u> at ¶ 21.)  Plaintiff states that "this is a major management abuse of Met Life in making promises to recruit qualified agency and breaching their promise, and forcing their will on agent or making them [ ] lose everything." (<u>Id.</u> at ¶ 22.)  Plaintiff notes that he could have been offered "retired status" and that his "book of business" could have remained intact and human resources could have been advised of his physical or mental status or requests. (<u>Id.</u> at ¶ 23.)

According to Plaintiff, management "failed to act in the best interest of their agent, [did not] notify [human resources], disperse[d] accounts, benefit[ted] from all overrides from both Life and securities business, was knowingly aware of the prior agreement which existed in the employment agreement [and] was taking advantage of the mental status of agent." (<u>Id.</u> at ¶ 24.)  Additionally, the "Legal Department knowing of such agreement failed to implement and only used the standard agreement which must be completed at time of hire of any agent, and ignored the special agreement negotiated at time of employment." (<u>Id.</u> at ¶ 25.)

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.  With respect to Defendant Iorio, Defendant states that no general nor specific jurisdiction exists over him and his conduct does not give rise to personal jurisdiction under the constitutional standard.  Defendants also move to dismiss the Complaint because: (1) there are no allegations or claims against the individual defendants; (2) to the extent Plaintiff brings a claim for breach of contract, it is barred by the statute of limitations; (3) the

facts in the Complaint do not allege breach of contract.[1]

      II. Discussion

      A.  Motion to Dismiss for Lack of Personal Jurisdiction

      Defendant moves to dismiss Plaintiff's Complaint against Defendant Iorio for lack of personal jurisdiction.  (Mot. at 6-10.)  The allegations of the Complaint state that Defendant Iorio is "agency manager of the office involved in the subject contract, and is over the age of 18 years." (Compl. ¶ 6.)  Defendant contends the Complaint lacks any allegations that Defendant Iorio, personally or through an agent, engaged in any activities in Florida.

      The plaintiff's burden in alleging personal jurisdiction requires that the plaintiff establish a prima facie case of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. If by defendant's affidavits or other competent evidence, defendant sustains the burden of challenging plaintiff's allegations, the plaintiff must substantiate the jurisdictional allegations in the complaint by affidavits, testimony or documents. However, where the evidence conflicts, the district court must construe all reasonable inferences in favor of the plaintiff. See Future Tech. Today, Inc., v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000); Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 255 (11th Cir. 1996) (citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)); Exhibit Icons, LLC v. XP Cos.,

---

[1] Defendant also moves to dismiss on the basis that any claim relating to unpaid disability benefits is preempted by ERISA.  The Court has reviewed the Complaint and does not view it as containing an ERISA claim.  Nor does Plaintiff's response memorandum suggest that he is bringing an ERISA claim.

LLC, 609 F. Supp. 2d 1282, 1291-92 (S.D. Fla. 2009).

Here, the Complaint does not provide any indication of Defendant Iorio's citizenship. Nor has this Defendant provided any evidence that would allow the Court to infer that he is not a citizen of Florida. Upon amendment, Plaintiff shall identify the state of citizenship of Defendant Iorio. Defendants' motion to dismiss pursuant to Rule 12(b)(2) is denied without prejudice.

B. Motion to Dismiss for Failure to State a Claim

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). As explained by another court, "[t]he claim of the plaintiff in his complaint [must be] sufficiently definite to enable the defendant to know with what it is charged, and . . . reasonably able therefrom to respond whether it did the thing charged." Dennis v. Begley Drug Co. of Tennessee, Inc., 53 F.R.D. 608, 609 (E.D. Tenn.1971). Put another way, "a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it." Clearwater Consulting Concepts, LLP v. Imperial Premium Finance, LLC, No. 09–81042–CIV, 2010 WL 916392, at * 1 (S.D. Fla. Mar. 11, 2010).

The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Although Plaintiff is proceeding pro se and his pleadings  therefore will be liberally construed, the Court will not rewrite an otherwise deficient pleading in order to sustain an action. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). After careful review of the Complaint, the Court concludes it must be dismissed. It is not a "short and plain statement of the claims" as mandated by Rule 8 of the Federal Rules of Civil Procedure. Instead, the Complaint is incomprehensible.  The Court assumes that Plaintiff is attempting to bring a breach of contract claim against Defendants.  Such a claim requires Plaintiff to identify the terms of the contract, how Defendants breached those terms and the damages resulting from the breach. See  Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. Dist. Ct. App. 2006) (elements of a breach of contract claim).  Although Plaintiff provides facts in the Complaint, it is impossible for the Court to discern how the facts alleged relate to any specific contractual obligation of any particular Defendant.  Therefore, Plaintiff must amend the Complaint and

provide facts in support of each of these elements.  Furthermore, Plaintiff must clearly define the relationship between himself and each Defendant, the specific contractual provisions that relate to each Defendant and the alleged wrongful acts committed by each Defendant.  Cf. Textiles Morales, S.A. de C.V. v. Green Paradigm Partners, LLC, No. 8:10–cv–2298–T–30EAJ, 2011 WL 2881666, at * 2 (M.D. Fla. July 19, 2011) ( merely alleging the existence of a contract and stating that it was "breached" would be inadequate under Iqbal). Lastly, Plaintiff must provide the specific date he was terminated by Defendants. It is insufficient to state that he was terminated in "December of 2006."[2] (Compl. ¶ 19.)

Finally, the Court notes that, in responding to the motion to dismiss, Plaintiff provided additional facts not alleged in the Complaint, including facts that the individual Defendants tampered with his employment agreement.  (Resp. at 1-2.)  The Court's review on a motion to dismiss is limited to the four corners of the complaint. See Valdes v. Fisher Safety, No. 12–60034–CIV, 2012 WL 1405685, at * 2 (S.D. Fla. Apr. 23, 2012) (citing St. George v. Pinellas County, 285 at 1337). Thus, the Court cannot consider these new allegations. Even assuming the Court considered these new factual allegations, for the reasons previously stated, they do not provide the necessary factual underpinnings to support a contract claim. In other words, these facts do not speak to the terms of the contract or the alleged breach. Finally, to the extent Plaintiff requests permission to undertake discovery to obtain his employee file and determine whether a "violation of breech [sic], or fraud and deception"(Resp. at 2) exists, the Court will

---

[2] The Court rejects Defendants' submission of evidence regarding Plaintiff's termination. (Mot. at 14 n.11.)  See St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002) (It is axiomatic that on a motion to dismiss, the scope of the Court's review is limited to the four corners of the complaint.).

deny this request.  Indeed, the "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." <u>Stoner v. Walsh</u>, 772 F. Supp. 790, 800 (S.D.N.Y.1991).

  III. Conclusion

   Accordingly, it is hereby **ORDERED AND ADJUDGED** Defendants' Motion to Dismiss (DE 11) is **GRANTED**. Plaintiff is granted leave to amend the Complaint, consistent with the directives in this Order, **no later than September 11, 2012.**

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of August, 2012.

        _____

        KENNETH A. MARRA
        United States District Judge